## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **NITROcrete LLC,** | ) | |
| | ) | |
| | ) | **CIVIL ACTION NO. 1:25-CV-00198** |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **Drew Raymond Nelson**, | ) | |
| **Mark Edward Nelson**, and | ) | |
| **Nitro Founders II, LLC,** | ) | |
| | ) | |
| *Defendants.* | ) | |

---

### MOTION TO DISMISS PURSUANT TO F.R.C.P. 12(B)(2), (3), AND (6)

---

Defendants Drew Raymond Nelson, Mark Edward Nelson, and Nitro Founders II, LLC (collectively, the "Defendants"), by and through counsel, James R. Ray III, of Munsch Hardt Kopf & Harr, P.C.., hereby move this Court to dismiss the Complaint brought by Plaintiff NITROcrete LLC ("Plaintiff" or "NITROcrete") pursuant to Federal Rules of Civil Procedure 12(b)(2), (3), and (6), because this Court lacks personal jurisdiction over the Defendants; venue is not proper in this Court as the parties' contract contains a forum selection clause which specifies that disputes shall be resolved in Denver, Colorado, and Plaintiff has failed to state a claim upon which relief can be granted as Plaintiff does not own the trade secrets it alleges Defendants have misappropriated. In support of this Motion, Defendants state and allege as follows:

### CERTIFICATE OF CONFERRAL

The undersigned certifies that he has conferred with counsel for Plaintiff regarding the relief sought in this Motion. Plaintiff's counsel indicated Plaintiff opposes this Motion.

## I.   INTRODUCTION

The present action should be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(2), (3), and (6). First, this Court lacks personal jurisdiction over the Defendants. The Plaintiff bears the burden of proving that the Court has personal jurisdiction, and the Plaintiff's Complaint is devoid of sufficient facts supporting this Court's exercise of personal jurisdiction. Rather, uncontroverted facts demonstrate that Defendants do not have minimum contacts with the State of Texas, and that exercising personal jurisdiction over Defendants would be inconsistent with due process. That is, Defendants—residents of Colorado and a Colorado limited liability company with its principal place of business in Colorado—have absolutely no contacts to Texas and, therefore, there is no basis for the Court to exercise personal jurisdiction over them in this case. Further, Plaintiff's theory that this Court has personal jurisdiction over the Defendants based upon Plaintiff's allegations that Defendants "offered to sell" certain products and services related to NITROcrete's alleged trade secrets, is unsupported by law. These alleged limited interactions by Defendants with the State of Texas do not constitute, or rise to the level of, sufficient contacts necessary to establish personal jurisdiction before this Court.

Second, venue is not proper in the United States District Court for the Western District of Texas. Pursuant to the Asset Purchase and Contribution Agreement dated January 31, 2020 (the "2020 APCA"), as referenced by Plaintiff, all disputes among or between the parties arising out of, connected with, related to or incidental to that contract are to be governed by laws of the State of Colorado and resolved by a state or federal court located in Denver, Colorado. Although Defendants' position is that all of the Plaintiff's claims are subject to such forum selection clause by virtue of the language used in the contract, state and federal courts have held that claims unrelated to the contract containing the forum selection clause may nevertheless fall within the

scope of such clause if those claims involve the same set of operative facts as the contemporaneously asserted contract claims. Here, all of the Plaintiff's claims rely upon and involve the same set of operative facts. Accordingly, venue is improper in this Court as each of the Plaintiff's claims are subject to the forum selection clause set forth in the 2020 APCA and, therefore, should be litigated and resolved before a state or federal court in Denver, Colorado.

Third, Plaintiff has failed to state a claim upon which relief can be granted as Plaintiff does not own the trade secrets it alleges Defendants have misappropriated. Plaintiff does not own the trade secrets at issue because such trade secrets were never transferred to the Plaintiff by the Defendants. Indeed, Plaintiff's Complaint is devoid of factual support for its contention that Defendants transferred or sold the subject trade secrets to the Plaintiff.

Accordingly, dismissal of this case is proper pursuant to Federal Rules of Civil Procedure 12(b)(2), (3), and (6).

## II.    FACTUAL BACKGROUND

1.    Defendant Mark Edward Nelson is an individual who resides in, and is a citizen of, Fort Collins, Colorado. (*See* Ex. "A," Declaration of M. Nelson, at ¶1).

2.    Defendant Drew Raymond Nelson is an individual who resides in, and is a citizen of, Fort Collins, Colorado. (*See* Ex. "B," Declaration of D. Nelson, at ¶1).

3.    Defendant Nitro Founders II, LLC ("Nitro Founders II") is a Colorado limited liability company with its principal place of business in Fort Collins, Colorado. (*See* Ex. "C," Declaration of Nitro Founders II, at ¶3). Nitro Founders II is a closely held company. *Id.*

4.    Defendant Drew Raymond Nelson is an owner and managing member of Nitro Founders II. (*See* Ex. "C," Declaration of Nitro Founders II, at ¶1).

4908-3628-2932, v. 1

5.      Nitro Founders II has not transacted any business in Texas, either presently or in the past, on behalf of itself, or any other person or entity.  While the company did have discussions with a potential customer in the Austin, Texas area, those discussions never matured into a completed sale, and that potential customer has abandoned the project. (*See* Ex. "C," at ¶4).

6.      Nitro Founders II has not, either in the past or presently, derived any income from services rendered or activities taking place in Texas, either through its own efforts, or on behalf of or through any other person or entity. (*See* Ex. "C," at ¶5).

7.      Nitro Founders II has not, either in the past or presently, contracted to supply goods or services in Texas, either directly or indirectly through or on behalf of any other person or entity. (*See* Ex. "C," at ¶6).

8.      Nitro Founders II has not, either in the past or presently, owned or leased any real property in Texas. (*See* Ex. "C," at ¶7).

9.      Nitro Founders II has not, either in the past or presently, employed any person in Texas. (*See* Ex. "C," at ¶8).

10.      Nitro Founders II has not, either in the past or presently, opened or held a bank account in Texas, either in its own name or jointly with any other person or entity. (*See* Ex. "C," at ¶9).

11.      Nitro Founders II is not subject to, does not pay, and has not paid, any taxes in or to the State of Texas. (*See* Ex. "C," at ¶10).

12.      Nitro Founders II has not attended any trade shows in the State of Texas. (*See* Ex. "C," at ¶11).

13.      Defendants Mark Edward Nelson and Drew Raymond Nelson (the "Nelsons"), individually or collectively, have not, either in the past or presently, transacted any business in

Texas, either directly, on behalf of themselves, or indirectly, through or on behalf of any other person or entity. While Drew Nelson did have discussions with a potential customer in the Austin, Texas area, those discussions never matured into a completed sale, and that potential customer has abandoned the project. (*See* Ex. "A," at ¶3 and Ex. "B" at ¶3).

14.     The Nelsons, individually or collectively, have not, either in the past or presently, derived any income from services rendered or activities taking place in Texas, either through their own efforts, or on behalf of or through any other person or entity. (*See* Ex. "A," at ¶4 and Ex. "B" at ¶4).

15.     The Nelsons, individually or collectively, have not, either in the past or presently, contracted to supply goods or services in Texas, either directly or indirectly through or on behalf of any other person or entity. (*See* Ex. "A," at ¶5 and Ex. "B" at ¶5).

16.     The Nelsons, individually or collectively, have not, either in the past or presently, owned or leased any real property in Texas. (*See* Ex. "A," at ¶6 and Ex. "B" at ¶6).

17.     The Nelsons, individually or collectively, do not and have not employed any person in Texas, either directly or indirectly through or on behalf of any other person or entity. (*See* Ex. "A," at ¶7 and Ex. "B" at ¶7)

18.     The Nelsons, individually or collectively, have not, either in the past or presently, opened or held a bank account in Texas, either in their own names or jointly with any other person or entity. (*See* Ex. "A," at ¶8 and Ex. "B" at ¶8)

19.     The Nelsons, individually or collectively, are not subject to, do not pay, and have not paid any taxes in or to the State of Texas. (*See* Ex. "A," at ¶9 and Ex. "B" at ¶9).

4908-3628-2932, v. 1

20.    The Nelsons, individually or collectively, have not, either in the past or presently, attended any trade shows on behalf of Nitro Founders II, or any other entity or person, in the State of Texas. (*See* Ex. "A," at ¶10 and Ex. "B" at ¶10).

## III.    LEGAL STANDARD

### A.  Fed. R. Civ. P. 12(b)(2)

Pursuant to Fed. R. Civ. P. 12(b)(2), a cause of action may be dismissed for lack of personal jurisdiction. "When a nonresident defendant presents a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing the district court's jurisdiction over the nonresident." *Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir. 1994) ("When the district court rules on the motion without an evidentiary hearing, the plaintiff may bear his burden by presenting a *prima facie* case that personal jurisdiction is proper.") (citing *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir.1985); *Thompson v. Chrysler Motors Corp.*, 755 F.2d 1162, 1165 (5th Cir.1985)). That is, the plaintiff bears the burden of demonstrating facts sufficient to support jurisdiction. *Lansing Trade Group, LLC v. 3B Biofuels GmbH & Co., KG*, 612 F. Supp. 2d 813, 819 (S.D. Tex. 2009) (citing *Stuart*, 772 F.2d at 1192 (5th Cir.1985)).

"The court may determine the jurisdictional issue by receiving affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery." *Id.* ("The court must accept as true the uncontroverted allegations in the complaint and resolve in favor of the plaintiff any factual conflicts. The court is not obligated to credit conclusory allegations, even if uncontroverted.") (citing *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 869 (5th Cir.2000); *Panda Brandywine Corp. v. Potomac Elec. Power*, 253 F.3d 865, 868 (5th Cir.2001)).

6

"When a federal question case is based upon a federal statute which is silent as to service of process,[1] and a state long-arm statute is therefore utilized to serve an out-of-state defendant, Fed.R.Civ.P. 4(e) requires that the state's standard of amenability to jurisdiction apply." *Entek Corp. v. S.W. Pipe & Supply Co.*, 683 F. Supp. 1092, 1096 (N.D. Tex. 1988) (citing *Point Landing, Inc. v. Omni Capital Int'l, LTD.*, 795 F.2d 415, 427 (5th Cir.1986) (per curiam) (en banc), *aff'd sub nom.*, 484 U.S. 97 (1987); *DeMelo v. Toche Marine, Inc.*, 711 F.2d 1260, 1266 (5th Cir.1983)). "In such a case, personal jurisdiction may be exercised over a nonresident defendant if: (1) the nonresident defendant is amenable to service of process under the law of the forum state; and (2) the exercise of jurisdiction under state law comports with the due process clause of the fifth amendment." *Id.* (citing *D.J. Investments, Inc. v. Metzeler Motorcycle Tire Agent Gregg, Inc.*, 754 F.2d 542, 545 (5th Cir.1985)).

"Federal due process requires a plaintiff to prove: (1) that the non-resident purposely availed himself of the benefits and protections of the forum state by establishing 'minimum contacts' with the state; and (2) that the exercise of jurisdiction does not offend 'traditional notions of fair play and substantial justice.'" *Id.*

> The 'minimum contacts' prong of the inquiry may be further subdivided into contacts that give rise to 'specific' personal jurisdiction and those that give rise to 'general' personal jurisdiction. Specific jurisdiction is appropriate when the nonresident defendant's contacts with the forum state arise from, or are directly related to, the cause of action. General jurisdiction, however, will attach, even if the nonresident defendant's contacts with the forum state are not directly related to the cause of action, if the defendant's contacts with the forum state are both 'continuous and systematic.'

---

[1] Plaintiff asserts jurisdiction is proper pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367(a). The federal statute upon which the federal question jurisdiction is based in this case, 18 U.S.C. § 1831 *et seq.*, does not provide for service of process.

*Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir. 1994) (citations omitted). "If a nonresident defendant has sufficient related or unrelated minimum contacts with the forum, we must then consider whether the 'fairness' prong of the jurisdictional inquiry is satisfied." *Id.*

### B. Fed. R. Civ. P. 12(b)(3)

A cause of action may also be dismissed, pursuant to Fed. R. Civ. P. 12(b)(3), if venue is improper. F.R.C.P. 12(b)(3); *see also Baker Hughes Saudi Arabia Co. Ltd. v. Dynamic Industries, Inc.*, 126 F.4th 1073, 1080 (5th Cir. 2025) ("[A] motion to dismiss for *forum non conveniens is* the appropriate way to enforce a forum-selection clause pointing to a state or foreign forum.") (internal citation omitted).

"When an objection to venue has been raised, the plaintiff bears the burden to establish that the district he chose is a proper venue." *Cook v. Marshall*, 645 F. Supp. 3d 543, 553 (E.D. La. 2022), *aff'd*, 126 F.4th 1031 (5th Cir. 2025) (internal citation omitted).

> When a party seeks dismissal of a case based on improper venue, a forum selection clause is presumed to be valid 'and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances.' Enforcement may be unreasonable if it 'would contravene a strong public policy of the forum state. The party seeking to avoid enforcement of the clause bears a 'heavy burden of proof.'

*TGI Friday's Inc. v. Great N.W. Restaurants, Inc.*, 652 F. Supp. 2d 750, 760 (N.D. Tex. 2009) (citing U.S. Supreme Court and 5th Circuit cases).

Moreover, non-contract claims that involve the same set of operative facts as a parallel breach of contract claim fall within the scope of a forum selection clause governing the contract claims. *See Morgan-Rinehart v. Van de Perre*, No. A-16-CA-01327-SS, 2017 WL 1383933, at *8 (W.D. Tex. Apr. 12, 2017) (citing federal cases in the district of Texas); *see also Pinto Tech. Ventures, L.P. v. Sheldon*, 526 S.W.3d 428 (Tex. 2017); *Adams Reload Co., Inc. v. Intl. Profit Associates, Inc.*, 143 P.3d 1056, 1061 (Colo. App. 2005); *Terra Intern., Inc. v. Mississippi Chem.*

8

*Corp.*, 119 F.3d 688, 694 (8th Cir. 1997); *Forrest v. Verizon Commun., Inc.*, 805 A.2d 1007, 1014 (D.C. App. 2002).

### C.  Fed. R. Civ. P. 12(b)(6)

Fed. R. Civ. P.12(b)(6) provides that a case may be dismissed for failure to state a claim upon which relief can be granted.

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). 'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' *Id.* at 678. The complaint 'must be supported by factual allegations,' *id.* at 679, which must 'raise a right to relief above the speculative level.' *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007).

*Austin v. City of Pasadena, Texas*, 74 F.4th 312, 321 (5th Cir. 2023). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Factual allegations that are 'merely consistent with a defendant's liability, stop short of the line between possibility and plausibility of entitlement to relief,' and thus are inadequate." *Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899- (5th Cir. 2019) (citations omitted). "Accordingly, the requisite facial plausibility exists when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* ("Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.") (citing *Iqbal*, 556 U.S. at 679).

> In determining whether a plaintiff's claims survive a Rule 12(b)(6) motion to dismiss, the factual information to which the court addresses its inquiry is limited to (1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201. When a defendant attaches documents to its motion that are referenced in the complaint and are central to the plaintiff's claims, however, the

court can also properly consider those documents.

*Id.* at 900 (citations omitted) ("In so attaching, the defendant merely assists the plaintiff in establishing the basis of the suit, and the court in making the elementary determination of whether a claim has been stated.").

While the court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff, "courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 899-900 (citing *Iqbal*, 556 U.S. at 678). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* "A motion to dismiss tests the legal sufficiency of the complaint." *Stoffels ex rel., SBC Concession Plan v. SBC Commun., Inc.*, 430 F. Supp. 2d 642, 649 (W.D. Tex. 2006).

## III.    ARGUMENT

### A. This Court Lacks Personal Jurisdiction Over the Defendants

#### 1.    This Court Lacks General Personal Jurisdiction Over the Defendants.

The paradigmatic forum for the exercise of general jurisdiction over individuals is their state of residence and for a business is its place of incorporation or principal place of business. *Daimler AG v. Bauman*, 134 S. Ct. 746, 761 (2014) (holding California court lacked general jurisdiction over a defendant that was not incorporated in California and did not have its principal place of business in California). Moreover, due process prohibits courts from exercising general jurisdiction over a business unless its "affiliations with the State" in which suit is brought are so constant and pervasive as to render it "essentially at home in the forum State." *Id* at 919.

It would be "unacceptably grasping" to "exercise...general jurisdiction in every State in which a corporation 'engages in a substantial, continuous, and systematic course of business.'" *Daimler AG*, 134 S. Ct. at 761. Thus, even "continuous activity of some sorts within a state is not

enough to support the demand that the corporation be amenable to suits unrelated to that activity." *Id*. at 757 (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 318 (1945)).

Here, it is clear that the Court lacks general personal jurisdiction over the Defendants. The Complaint admits, at paragraphs 11, 12, and 14, that the Nelsons are residents and citizens of Colorado and that Nitro Founders II is a limited liability company organized under the laws of the State of Colorado with its principal place of business in Fort Collins, Colorado. Thus, none of the Defendants are "essentially at home" in Texas and, therefore, are not amenable to general jurisdiction in Texas. *See Kern v. Jeppesen Sanderson, Inc.*, 867 F. Supp. 525, 534 (S.D. Tex. 1994) ("The cases dealing with general jurisdiction emphasize that there is no jurisdiction if the nonresident defendants have no regular place of business, are not licensed to do business in the forum state, and do not have systematic and continuous contacts with the forum state.").

## 2. This Court Lacks Specific Personal Jurisdiction Over the Defendants.

Without recourse to general personal jurisdiction, the Plaintiff must carry its burden of proof of personal jurisdiction by properly alleging that this Court has specific personal jurisdiction over the Defendants.

> The first step of this inquiry is to determine the reach of the forum state's long-arm statute. The second step—the due process inquiry—is governed by federal law and requires the satisfaction of two elements: (a) the nonresident must have some minimum contact with the forum which results from an affirmative act on his part; and (b) it must be fair and reasonable to require the nonresident to defend the suit in the forum state.

*Entek Corp.*, 683 F. Supp.at 1096 (N.D. Tex. 1988) (citing *D.J. Investments, Inc.*, 754 F.2d at 545 (5th Cir.1985) ("Because the Texas long-arm statute has been construed to reach to the limits of due process, *see Hall v. Helicopteros Nacionales de Colombia*, 638 S.W.2d 870, 872 (Tex.1982), *rev'd on other grounds,* 466 U.S. 408 (1984), this Court need only determine whether it may constitutionally assert jurisdiction over the defendants."); *see also Johnston v. Multidata Sys.*

*Intern. Corp.*, 523 F.3d 602, 609 (5th Cir. 2008) ("Because the Texas long-arm statute extends to the limits of federal due process, the two-step inquiry collapses into one federal due process analysis.") (citing *Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir. 1994)).  The Plaintiff has also failed to demonstrate specific personal jurisdiction exists over the Defendants.

   **a.  The Requirements of the Long-Arm Statute in Texas Have Not Been Satisfied.**

   The long-arm statute in Texas permits personal jurisdiction over a non-domiciliary under T.R.S. § 17.042, in relevant part, as follows:

> In addition to other acts that may constitute doing business, a nonresident does business in this state if the nonresident:
>
>> (1) contracts by mail or otherwise with a Texas resident and either party is to perform the contract in whole or in part in this state;
>> (2) commits a tort in whole or in part in this state; or
>> (3) recruits Texas residents, directly or through an intermediary located in this state, for employment inside or outside this state.

   The Plaintiff has not identified what section of the Texas long-arm statute it relies upon to establish specific personal jurisdiction over the Defendants.  In fact, the Complaint contains no specific allegations supporting personal jurisdiction over the Defendants in Texas. For this reason alone, the Court would be justified in dismissing the Complaint.

   The Complaint fails to allege sufficient facts to support this Court's exercise of personal jurisdiction over the Defendants because no such facts exist. The most Plaintiff alleges in this regard is that Defendants have "offered to sell" certain services and products to one or more persons located in the Western District of Texas. However, as state and federal law make clear, merely negotiating and offering the sale of products and services in a forum does not impute personal jurisdiction. *Saudi v. S/T Marine Atl.*, 159 F. Supp. 2d 469, 481 (S.D. Tex. 2000) (holding that "merely negotiating a contract with a Texas company" "does not, by itself, amount to a contact sufficient to give rise to jurisdiction."); *M.G.M. Grand Hotel, Inc. v. Castro*, 8 S.W.3d 403, 409

(Tex. App. 1999) ("Merely releasing into the stream of commerce a product that comes to rest in Texas is not sufficient to establish jurisdiction. Rather, the Texas Supreme Court has stated that the act must be purposefully directed at Texas so that the defendant could foresee being haled into court here. Single or even occasional acts are not sufficient to support jurisdiction if their nature and quality and the circumstances of their commission create only an attenuated affiliation with the state.") (internal citation omitted); *Rynone Mfg. Corp. v. Republic Indus., Inc.*, 96 S.W.3d 636, 639 (Tex. App. 2002) ("It has long been established that merely contracting with a Texas resident does not satisfy the minimum contacts requirements) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985)).

Thus, because the Defendants have never transacted business in Texas, committed any tort in Texas, nor recruited Texas residents for employment, the requirements of the Texas long-arm statute have not been satisfied, and the Court should dismiss this case for lack of personal jurisdiction.

**b. Defendants Lacks Minimum Contacts with Texas.**

Additionally, Defendants do not have the requisite minimum contacts with Texas for this Court to exercise personal jurisdiction.  Under the due process clause of the Fourteenth Amendment, personal jurisdiction may not be asserted over a party unless that party has sufficient "minimum contacts" with the state, so that the imposition of jurisdiction would not violate "traditional notions of fair play and substantial justice." *Helicopteros Nacionales De Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984).  A court may, consistent with due process, assert specific jurisdiction over a nonresident defendant only "if the defendant has 'purposefully directed' his activities at residents of the forum, and the litigation results from alleged injuries that 'arise out of or relate to' those activities." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462 at 472 (1985).

In analyzing whether minimum contacts exist, the Court must determine whether the defendant purposefully directed its activities at residents of the forum, *id.* at 472, and whether the plaintiff's claim arises out of or results from "actions by the defendant *himself* that create a substantial connection with the forum state." *Asahi Metal Industry Co. v. Superior Court of California*, 480 U.S. 102, 109 (1987). Thus, "[t]o determine whether a defendant has "minimum contacts" with the forum state to establish specific personal jurisdiction, the plaintiff must identify some act whereby the defendant 'purposely avail[ed] itself of the privilege of conducting activities [there], thus invoking the benefits and protections of its laws.' The defendant's conduct must show that it 'reasonably anticipates being haled into court'" in the forum state. *Luv N' care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 469–70 (5th Cir. 2006) (citing *World Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)). Second, if the defendant's actions create sufficient minimum contacts with the forum state, the Court must then consider whether the exercise of personal jurisdiction over the defendant offends "traditional notions of fair play and substantial justice." *Id.* at 113. None of these elements can be satisfied by the Plaintiff in this case.

Defendants have not purposefully directed any activities toward Texas or the residents of that state and do not conduct any business activity in Texas. (*See* Ex. "A" at ¶3, Ex. "B" at ¶3, and Ex. "C" at ¶4). Defendants have not entered into any contracts in Texas or with any residents or entities of Texas. (*See* Ex. "A" at ¶5, Ex. "B" at ¶5, and Ex. "C" at ¶6). Defendants do not derive any income from any activity in Texas. (*See* Ex. "A" at ¶4, Ex. "B" at ¶4, and Ex. "C" at ¶5). Defendants do not supply goods or services in Texas. (*See* Ex. "A" at ¶5, Ex. "B" at ¶5, and Ex. "C" at ¶6). Defendants do not own or lease any real property in Texas. (*See* Ex. "A" at ¶6, Ex. "B" at ¶6, and Ex. "C" at ¶7). Defendants do not employ any persons in or from Texas. (*See* Ex. "A" at ¶7, Ex. "B" at ¶7, and Ex. "C" at ¶8). Defendants have not opened and do not hold bank

accounts in Texas. (*See* Ex. "A" at ¶8, Ex. "B" at ¶8, and Ex. "C" at ¶9). Defendants are not subject to and do not pay any tax to the State of Texas. (*See* Ex. "A" at ¶9, Ex. "B" at ¶9, and Ex. "C" at ¶10). Further, the Defendants have not attended any trade shows in the State of Texas. (*See* Ex. "A" at ¶10, Ex. "B" at ¶10, and Ex. "C" at ¶11). The Plaintiff, who bears the burden of demonstrating the Court has personal jurisdiction, has not identified any specific contacts Defendants have with this forum, because none exist.

As discussed above, Plaintiff's assertion of personal jurisdiction appears to rest on allegations that Defendants have "offered to sell" certain products and services to one or more persons in Texas. Thus, Plaintiff's theory of personal jurisdiction is apparently based on the implication that Defendants may transact business in Texas *at some point in the future*.[2] Such allegations do not satisfy the test for personal jurisdiction. The Court must have personal jurisdiction over the Defendants now, at the time of filing of the Complaint, not at some potential time in the future. Therefore, Plaintiff has not asserted a competent basis for personal jurisdiction and this case should be dismissed.

### c. Traditional Notions of Fair Play and Substantial Justice Demonstrate that this Court Lacks Personal Jurisdiction Over the Defendants.

Even when minimum contacts with the forum state are established, the state court cannot exercise personal jurisdiction over the defendant if to do so would offend traditional notions of fairness. In this regard, the Supreme Court has stated that the "fairness" of requiring a nonresident to defend a suit in a distant forum is a function of several factors, including: (1) the burden on the defendant; (2) the interests of the forum State in adjudicating the dispute, (3) the plaintiff's interest

---

[2] Defendants submit that even if facts in support of this theory were amended into the Complaint, they would still not support a finding of personal jurisdiction and, therefore, such an amendment would be futile.

in obtaining relief in the forum state, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (5) the shared interest of the several States in furthering fundamental substantive social policies. *Wilson v. Belin*, 20 F.3d 644 (5th Cir. 1994) (*citing Asahi Metal Indus. Co., Ltd. v. Super. Ct. of California, Solano Cnty.*, 480 U.S. 102, 113 (1987)).

Because there are absolutely no contacts between the Defendants and Texas, the Court need not even consider the "traditional notions of fair play and substantial justice" factors in determining that dismissal of this action is appropriate.. However, for the sake of completeness, subjecting the Defendants to personal jurisdiction in Texas would be unfair and offend traditional notions of fair play and substantial justice.

The burden placed upon the Defendants by virtue of being forced to defend this action in Texas is significant.

> While not dispositive, the burden on the defendant of litigating the case in a foreign forum is of primary concern in determining the reasonableness of personal jurisdiction. This factor is of special significance, because it serves to prevent the filing of vexatious claims in a distant forum where the burden of appearing is onerous.

*OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1096 (10th Cir. 1998) (citing *World–Wide Volkswagen*, 444 U.S. at 292; *Asahi*, 480 U.S. at 114). As discussed above, Defendants have no operations in, or connections to, Texas. Defendants have been forced, at significant expense, to hire counsel to respond to this Complaint in Texas when, in fact, there was no good faith basis to allege that this Court has personal jurisdiction to hear this case, and the Plaintiff did not even attempt to articulate a good faith basis for personal jurisdiction in the Complaint. Thus, this factor weighs strongly in the Defendants' favor.

Furthermore, Plaintiff has set forth no basis for which Texas would have an interest in providing a forum for the parties to resolve their dispute under the second factor of the

16

reasonableness test. Plaintiff is not a Texas resident, as it admits in the Complaint it is a Colorado company with its principal place of business in Colorado and no actions have taken place in Texas for which the Plaintiff can seek relief. Moreover, none of the Defendants alleged actions have affected persons in Texas. *Id.* at 1086 ("The second factor in our reasonableness inquiry examines the forum state's interest in adjudicating the dispute. States have an important interest in providing a forum in which their residents can seek redress for injuries caused by out-of-state actors. Although less compelling, a state may also have an interest in adjudicating a dispute between two non-residents where the defendant's conduct affects forum residents.") (citing *Burger King*, 471 U.S. at 483; *Calder v. Jones*, 465 U.S. 783 (1984)).

The third factor in the reasonableness inquiry hinges on whether the Plaintiff may receive convenient and effective relief in another forum. *Id.* There is no indication that Plaintiff could not receive convenient and effective relief in the appropriate court in Colorado. The Complaint alleges violations of the Defend Trade Secrets Act and any federal court is equally competent to hear such claims. Accordingly, this factor also favors Defendants.

The fourth factor of the fairness test, pertaining to the efficient resolution of controversies, is neutral in this case. This factor considers issues such as the location of witnesses or the prevention of piecemeal litigation. *Id.* at 1097. Here, the Defendants are located in Colorado and all of the witnesses are located there. There is no concentration of witnesses in Texas. Further, piecemeal litigation is not a risk because, as explained below, the agreement between the parties contains a forum selection clause governing all the Plaintiffs claims, and Defendants have not asserted any counterclaims.

The fifth factor of the reasonableness test is also likely neutral in this case since social policy interests are not implicated in this case.

In sum, three of the five reasonableness factors weigh against personal jurisdiction, and the remaining two are neutral. This balancing indicates that this Court's exercise of personal jurisdiction over the Defendants is not reasonable nor fair in this case and, therefore, offends traditional notions of fair play and substantial justice. For all these reasons, the Court lacks personal jurisdiction over the Defendants.

### B. Venue is Improper in Texas

Plaintiff relies upon 28 U.S.C. § 1391(b)(2) to support venue in this Court. That statute provides that "*except as otherwise provided by law*—(1) this section shall govern the venue of all civil actions brought in the district courts of the United States[.]" (emphasis added). 28 U.S.C. § 1391(b)(2) states: "A civil action may be brought in. . .(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred[.]" As the foregoing analysis demonstrates, Defendants have not engaged in conduct or activities in Texas such that "a substantial part of the events or omissions giving rise to the claim[s] occurred" in Texas. Thus, venue is not proper pursuant to 28 U.S.C. § 1391(b)(2). Rather, Defendants have not engaged in any activities in Texas giving rise to the Plaintiff's claims.

Second, and more importantly, the 2020 Asset Purchase and Contribution Agreement ("APCA") (attached Exhibit "D") referenced and relied upon by the Plaintiff in the Complaint, contains a forum selection clause at Section 9.3 which provides:

> (c) Jurisdiction. All disputes among or between the parties arising out of, connected with, related to or incidental to this Agreement and whether arising in contract, tort, equity or otherwise, shall be resolved by a state or federal court located in Denver, Colorado. . .

Although Defendants' position is that the language of the forum selection clause renders all of the Plaintiff's claims subject to such clause, state and federal courts have held that claims unrelated to the contract containing the forum selection clause may nevertheless fall within the scope of such

18

clause if the claims involve the same set of operative facts as the contemporaneously asserted contract claims. *See Morgan-Rinehart v. Van de Perre*, No. A-16-CA-01327-SS, 2017 WL 1383933, at *8 (W.D. Tex. Apr. 12, 2017) ("Although the Fifth Circuit has not articulated a specific test for determining when claims fall within the scope of a forum selection clause, district courts within this circuit usually look to…whether the claims 'involv[e] the same operative facts as a parallel claim for breach of contract.'") (citing federal cases in the district of Texas); *see also Pinto Tech. Ventures, L.P. v. Sheldon*, 526 S.W.3d 428 (Tex. 2017) ("The First Circuit has applied a 'same operative facts' test, holding that 'contract-related tort claims involving the same operative facts as a parallel claim for breach of contract should be heard in the forum selected by the contracting parties. Federal courts in different jurisdictions, including Texas federal courts, have also found satisfaction of this test sufficient to invoke a contractual forum-selection clause."); *Adams Reload Co., Inc. v. Intl. Profit Associates, Inc.*, 143 P.3d 1056, 1061 (Colo. App. 2005) (Other courts that have considered similar contentions have held that noncontract claims that involve the same operative facts as a parallel breach of contract claim fall within the scope of a forum selection clause.") (citing *Terra Intern., Inc. v. Mississippi Chem. Corp.*, 119 F.3d 688, 694 (8th Cir. 1997); *Forrest v. Verizon Commun., Inc.*, 805 A.2d 1007, 1014 (D.C. App. 2002) ("We follow the number of courts that have held that non-contract claims that involve the same operative facts as a parallel breach of contract claim fall within the scope of a forum selection clause. Courts should not 'reward attempts to evade enforcement of forum selection agreements through artful pleading of [non-contract] claims in the context of a contract dispute.'") (internal citations omitted).

Here, *all* of the Plaintiff's claims rely upon and involve the same set of operative facts—namely, Defendants' alleged actions with respect to certain intellectual property rights Plaintiff

claims to own pursuant to the APCA. Accordingly, the Plaintiff's claims are subject to the forum selection clause contained within the APCA and, therefore, venue is improper in the Western district of Texas as the parties have agreed to litigate disputes among them in a state or federal court in Denver, Colorado. *See TGI Friday's Inc. v. Great N.W. Restaurants, Inc.*, 652 F. Supp. 2d 750, 760 (N.D. Tex. 2009) ("When a party seeks dismissal of a case based on improper venue, a forum selection clause is presumed to be valid 'and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances.'") (citing U.S. Supreme Court and 5th Cir. Cases).

### C. Plaintiff Has Failed To State a Claim Upon Which Relief Can Be Granted With Respect To Plaintiff's Claims for Misappropriation of Trade Secrets.

The allegations set forth in the Plaintiff's Complaint do not state a claim for which relief can be granted against the Defendants with respect to Plaintiff's claims pursuant to the Defend Trade Secrets Act, 18 U.S.C. § 1831, *et seq.*

Plaintiff has failed to state a claim for misappropriation of trade secrets against the Defendants because Plaintiff has failed to allege sufficient facts demonstrating that Plaintiff owns the subject trade secrets. Plaintiff has failed to allege facts establishing Plaintiff's ownership of the trade secrets at issue because Plaintiff does not in fact own such trade secrets. That is, Plaintiff has not, and cannot, point to contractual language effectuating a conveyance of the trade secrets at issue from the Defendants to the Plaintiff, or its predecessors in interest. Thus, Plaintiff has failed to set forth facts stating a plausible claim for relief against the Defendants for the misappropriation of the subject trade secrets.  In the absence of factual allegations supporting Plaintiff's ownership rights to the trade secrets Plaintiff alleges Defendants have wrongfully misappropriated, Plaintiff has failed to state a claim to relief that is plausible on its face. Therefore, Plaintiff's claims for

misappropriation of trade secrets against the Defendants should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

## IV.    CONCLUSION

For all the foregoing reasons, this Court should GRANT this Motion and dismiss Plaintiff NITROcrete LLC's Complaint.

Respectfully submitted,

*/s/ James R. Ray, III*
James R. Ray, III
Texas Bar No. 24079746
 jray@munsch.com
MUNSCH HARDT KOPF & HARR, P.C.
Hartland Plaza
1717 West 6th Street, Suite 250
Austin, TX 78703
(512) 391-6100 Telephone
(513) 391-6149 Facsimile

Carl A. Hjort, III, *seeking pro hac admission*
chjort@rwolaw.com
ROBINSON WATERS & O'DORISIO, P.C.
1099 18th Street, Suite 2600
Denver, CO 80202
(303) 824-3192 Telephone
(303) 297-2750 Facsimile

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I certify that on the 15th day of April, 2025**,** I electronically submitted the foregoing document with the clerk of court for the United States District Court for the Western District of Texas, using the ECF system of the Court, which served all parties by electronic e-service.

*/s/ James R. Ray, III*
James R. Ray, III

21