IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **NITROcrete LLC,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **CIVIL ACTION NO. 1:25-cv-00198** |
| | ) | |
| **Drew Raymond Nelson,** | ) | |
| **Mark Edward Nelson, and** | ) | |
| **Nitro Founders II, LLC,** | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' MOTION TO STAY DISCOVERY PENDING THEIR MOTION TO DISMISS

Defendants, Drew Nelson, Mark Nelson and Nitro Founders II, LLC ("the Nelsons"), by and through counsel, respectfully requests a reasonable stay on discovery until the Court resolves their pending Motion to Dismiss for lack of personal jurisdiction, improper venue and failure to state a claim.

Staying discovery for a limited time is in the best interest of judicial efficiency and economy, it prevents the Nelsons from suffering undue hardship, and it will not result in prejudice to Plaintiff. The Court should grant this Motion to Stay Discovery. "A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Geraci v. City of Austin*, No. 1:19-CV- 340-LY-SH, 2019 WL 6050728, at *1 (W.D. Tex. Nov. 14, 2019) (quoting *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987)). A stay of discovery may be issued to "protect a party or person from annoyance, embarrassment, or undue burden or expense." *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998); *see also* Fed. R. Civ. P. 26(c) (2020); *Geraci*, 2019 WL 6050728, at *1. In determining whether a stay of discovery is appropriate, "a court must balance the harm produced by the delay in discovery

1

against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Geraci*, 2019 WL 6050728, at *1 (citing *Bickford v. Boerne Indep. Sch. Dist.*, 2016 WL 1430063, at *1 (W.D. Tex. Apr. 8, 2016)).

Here, staying general discovery is in the best interest of judicial efficiency and economy and will keep the parties from incurring an undue substantial burden. Beginning discovery prior to ruling on whether personal jurisdiction exists or venue is proper would impose undue burdens and expense on the parties. When a motion to dismiss may dispose of the need for any discovery, a motion to stay is appropriate. *See Tostado v. Citibank (South Dakota), N.A.*, No. SA-09-CV-543-XR, 2009 WL 4774771, at *1 (W.D. Tex. Dec. 11, 2009). The Nelsons' Motion to Dismiss seeks dismissal for lack of personal jurisdiction, improper venue and failure to state a claim. If the Court dismisses the case, there is no need for discovery.

Plaintiff will not suffer prejudice if the court issues a reasonable stay of discovery. *See, e.g.*, *DSM Desotech Inc. v. 3d Sys. Corp.*, No. 08 CV 1531, 2008 WL 4812440, at *3 (N.D. Ill. Oct. 28, 2008) (finding that hardship to the plaintiff is only present when there is a "compelling need for prompt discovery—as there might be if, for example, provisional relief were being sought or if testimony needed to be preserved due to the ill health of a witness"). Here, there is no threat of destruction of evidence; the Nelsons have implemented a litigation hold and Plaintiff has not moved for a preliminary injunction. There are no known impending deaths or illnesses of any parties or witnesses. Therefore, there is no basis to push forward with discovery, and it would be just and appropriate for the Court to exercise their discretion to stay discovery for a reasonable time.

Wherefore, the Nelsons respectfully request the Court grant their motion for a stay of discovery pending the determination of their Motion to Dismiss.

Respectfully submitted,

/s/ _____
James R. Ray III
Texas Bar No. 24079746
jray@munsch.com
MUNSCH HARDT KOPF & HARR, P.C.
Hartland Plaza
1717 West 6th Street, Suite 250
Austin, TX 78703
(512) 391-6100 Telephone
(513) 391-6149 Facsimile

Carl A. Hjort, III, *seeking pro hac admission*
chjort@rwolaw.com
ROBINSON WATERS & O'DORISIO, P.C.
1099 18th Street, Suite 2600
Denver, CO 80202
(303) 824-3192 Telephone
(303) 297-2750 Facsimile

*Counsel for Defendants*

## CERTIFICATE OF CONFERENCE

The undersigned certifies that counsel for Defendants conferred with counsel for Plaintiff regarding the relief sought in this Motion. Plaintiff's counsel indicated Plaintiff opposes this Motion.

/s/ James R. Ray, III
James R. Ray III

## CERTIFICATE OF SERVICE

I certify that on the 15th day of April, 2025, I electronically submitted the foregoing document with the clerk of court for the United States District Court for the Western District of Texas, using the ECF system of the Court, which served all parties by electronic e-service.

/s/ James R. Ray, III
James R. Ray, III

3